United States Bankruptcy Court
For The Western District of Texas
Austin Division

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Jeffrey S. Sorrell, a/k/a Sean Sorrell, | § | Case No. 12-12691-Mott |
| a/k/a J. Sean Sorrell, | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |

**Motion to Sell All of the Estate's Remaining Scheduled**
**Montecito Partnership Interests to Solmar CR, LLC Free and Clear of Liens**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

**This pleading requests relief which may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

John Patrick Lowe, the Trustee in this case, makes and files this Motion, and in support of it respectfully represents to the Court as follows:

1.

Movant is the Trustee in this Chapter 7 case. The case was commenced on December 3, 2012 as a Chapter 7 proceeding and has since remained pending under that Chapter. This Motion is filed by right of 11 United States Code §§ 363 and 704, Federal Rule of Bankruptcy Procedure 6004 and Local Rule 6004.

2.

The Debtor's Schedules as amended disclose partnership interests in various "Montecito" entities, the January 30, 2013 amended Schedules, at docket number 15, disclosing 6 such interests. The Trustee's sold one Montecito interest. But the one interest the Trustee sold was an interest which doesn't appear in the Schedules. On March 12, 2014 at docket

1

number 95, the court signed an Order authorizing and directing the Trustee to sell interests in various entities, 7 entities, to creditor Solmar CR, LLC. One of those entities was Montecito Ventana Limited Partnership. The sale has been completed. See docket entry 98.

### 3.

The Trustee moves the sale of all of the remaining Montecito interests which appear in the Schedules to Solmar CR, LLC, 48 Andover Trail, Edwards, CO 81632, for the amount of $4,000.00. Solmar CR, LLC is a large creditor, having filed Proofs of Claim numbers 3 and 4 in the amounts of $1,022,585.24 and $6,192,812.25, respectively, on May 8, 2013. The Trustee believes that these are the remaining Montecito entities in which the estate appears to own an interest:

   a. Montecito Medical Investment Company, LLC;

   b. Montecito Property Company, LLC;

   c. Montecito Investment Group, LLC;

   d. Montecito Medical Equipment, LLC;

   e. Montecito Medical Investment Realty, LLC; and

   f. Montecito Investment Company, LLC.

The Debtor's January 30, 2013 amended Schedules at docket number 15 state that three of those entities are defunct, Montecito Investment Group, LLC, Montecito Medical Equipment, LLC and Montecito Investment Company, LLC. The Trustee does not seek leave to sell any asset which hasn't been disclosed in the Debtor's Schedules.

### 4.

The Trustee has received substantial partnership distributions from Montecito Medical Investment Realty, LLC beginning in April of 2013, but ending in March of 2014. A copy of the Trustee's Form 2, Estate Cash Receipts and Disbursements Record, is attached as Exhibit "A".

But no distributions from Montecito Medical Investment Realty, LLC have been received since March 2014.

**5.**

No distributions from any of the other Montecito interests have been received. The Chapter 7 case is over two years old.

**6.**

The Trustee is aware of no lien on or security interest in any of the interests in any of the Montecito entities. But this sale should be free and clear of any and all liens, claims, security interests and encumbrances with all of those matters, if any, attaching to the sales proceeds. The sale should be "as is", "where is", without any other warranties and without recourse against the Trustee or the bankruptcy estate.

**7.**

The effective date of the sales should be January 1, 2014.

**8.**

The Trustee is not aware of any right of first refusal or similar provision which would require the Trustee to first seek the approval of any Montecito entity before completing a sale of an interest in that entity. Or which would require the Trustee to first offer to sell all or any of the interests to the entity or to another existing partner before completing this proposed sale to a non-partner. But if any such provision does exist, those risks will not oblige the Trustee to undo the sale, or ask the Court to start over, or be grounds for vacating the sale order or returning the sales proceeds to the purchaser. Or for rescission of the sale. This risk is assumed by the purchaser.

**9.**

The Trustee does not know whether any of these sales will create a federal income tax liability for the estate. The accountant for the estate will assist the Trustee in preparing the

estate's final income tax return and in computing the tax due on that return, including any capital gains incurred in this sale.

10.

The Trustee also moves for leave to execute, acknowledge and deliver any instrument or record necessary to consummate or memorialize the sale of the estate's scheduled Montecito interests to Solmar CR, LLC.

WHEREFORE, premises considered, the Trustee requests that the Court enter an Order granting this Motion, and for such other and further relief, at law or in equity, as to which he may be justly entitled.

DATED: January 30, 2015.

Respectfully submitted,

_____
John Patrick Lowe, Trustee
State Bar No. 12623700
318 East Nopal
Uvalde, Texas 78801
(830) 278-4471
(830) 278-6347 (fax)
Email: johnplowe@sbcglobal.net

### Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Motion to Sell All of the Remaining Scheduled Montecito Partnership Interests to Solmar CR, LLC Free and Clear of Liens, and the proposed Order, have been served on the parties on the attached Service List, by First Class mail, postage prepaid; by the CM/ECF system; or by electronic mail on this the 30th day of January 2015.

_____
Patrick Lowe